IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Wilander on Wheels, LLC,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CET Enterprises, LLC,** )<br>)<br>**Defendant.** ) | Case No. 18- cv-06776<br><br>JURY TRIAL DEMANDED<br><br>Judge Robert Blakey |

### MOTION TO REINSTATE LAWSUIT AND FOR ENTRY OF STIPULATED JUDGMENT PURSUANT TO SETTLEMENT AGREEMENT

Plaintiff moves for entry of a Stipulated Judgment pursuant to paragraph 3 of the Settlement Agreement between the parties and states:

1. After a settlement conference with Magistrate Finnegan, the parties entered a Settlement Agreement dated January 14, 2019. Defendant was to make an initial payment of $6,000 and then 25 payments of $500 for a total of $18,500.

2. Pursuant to the Agreement, defendant CET made an initial payment of $6,000 and then paid another $5,000 in monthly payments for a total of $11,000. Even before the pandemic, Defendant was routinely late in payments. Multiple ten-day notices had to be given to get the payments. Every monthly payment due from May 21, 2019 onwards was late by as much as month. See schedule attached as Exhibit A. The monthly payment due on February 21, 2020 and all subsequent payments which were due have never been received.

3. Ten-day notice was given to defendant on March 6, 2020 and repeated on April 20, 2020 and January 17, 2021. See Group Exhibit B.

4. Paragraph 3 of the Settlement Agreement provides:

FAILURE TO MAKE PAYMENTS ON TIME.

If CET fails to make the initial payment or any payment thereafter on the first of the month as set forth above, it shall have a ten day grace period to cure such missed payment after email notice is sent to Christi Turdo, christi@hoparazzi.com, with a cc email to Melissa Casey, Esq., mpclawgroup@gmail.com, and Howard Prossnitz, Esq., prossnitzlaw@gmail.com. If payment is not received within ten days after notice is sent, then WOW shall be entitled to move to reinstate the Lawsuit and move for a Stipulated Judgment in the amount of $30,000 less any payments received. A copy of this Agreement shall be appended to WOW's motion for Agreed Judgment as evidence of the Agreement and no further proof shall be required for entry of Agreed Judgment other than evidence of amounts received.

5. Further, paragraph 3 of the Agreement states that a copy of the Agreement shall be appended to WOW's motion for Stipulated Judgment and a copy is attached as Exhibit C.

6. Plaintiff is entitled to a Stipulated Judgment of $30,000 less payments received of $11,000 for a total of $19,000. A form of Judgment is attached as Exhibit D.

Wherefore, Plaintiff moves for entry of a Stipulated Judgment in its favor in the amount of $19,000.

Plaintiff Wilander on Wheels


By: *Howard B. Prossnitz/ s/*

Howard B. Prossnitz, Esq,
Law Offices of Howard Prossnitz
1014 Ontario Street
Oak Park, IL 60302
January 21, 2021
prossnitzlaw@gmail.com

<u>Certificate of Service</u>

I, Howard Prossnitz, an attorney, certify that I served the foregoing on all counsel of record on January 21, 2021 electronically through the Court's CM/ECF system.

*Howard B. Prossnitz /s/*

| Hoparazzi Payments | | | | | | Payment # |
|---|---|---|---|---|---|---|
| Due Date | Date payment made | $ | To | | | |
| 21-Mar | 17-Mar | $6,000 | Howard Prossnitz | | | |
| 21-Apr | 19-Apr | $500 | Wells Fargo Deposit | | | 1 |
| **21-May** | **17-Jun** | **$500** | **Zelle** | | | 2 |
| 21-Jun | 17-Jul | $500 | Zelle | | | 3 |
| 21-Jul | 3-Aug | $500 | Zelle | | | 4 |
| 21-Aug | 28-Aug | $500 | Zelle | | | 5 |
| 21-Sep | 10-Oct | $500 | Zelle | | | 6 |
| 21-Oct | 10-Nov | $500 | Zelle | | | 7 |
| 21-Nov | 19-Dec | $500 | Zelle | | | 8 |
| 21-Dec | 10-Jan | $500 | Zelle | | | 9 |
| **YEAR 2020** | | | | | | |
| 21-Jan | 2-Mar | $500 | notice sent 11 Feb | 2nd notice sent 27 feb | | 10 |
| 21-Feb Late | | DEFAULT | Notice sent 27 feb | 2nd notice sent 6 mar | | 11 |
| 21-Mar DEFAULT | | | | | | 12 |
| 21-Apr DEFAULT | | | | | | 13 |
| 21-May DEFAULT | | | | | | 14 |
| 21-Jun DEFAULT | | | | | | 15 |
| 21-Jul DEFAULT | | | | | | 16 |
| 21-Aug DEFAULT | | | | | | 17 |
| 21-Sep DEFAULT | | | | | | 18 |
| 21-Oct DEFAULT | | | | | | 19 |
| 21-Nov DEFAULT | | | | | | 20 |
| 21-Dec DEFAULT | | | | | | 21 |
| **YEAR 2021** | | | | | | |
| 21-Jan DEFAULT | | | | | | 22 |
| 21-Feb | | | | | | 23 |
| 21-Mar | | | | | | 24 |
| 21-Apr | | | | | | 25 |
| **Total Paid to Date** | | **$11,000** | | | | |
| Total outstanding | | $7,500 | | | | |
| Total settlement | | $18,500 | | | | |
| | Indicates late payment | | | | | |

Exhibit A



Howard Prossnitz <prossnitzlaw@gmail.com>

---

## Re: 10th payment
1 message

**Cameron Lickle** <cameron@wilanderonwheels.com>  Fri, Mar 6, 2020 at 3:25 PM
To: Christi Turdo <christi@hoparazzi.com>, Howard Prossnitz <prossnitzlaw@gmail.com>

Christi,

Cameron here. I acknowledge your tenth payment of $500 t on March 2nd 2020.

We have yet to receive your 11th payment per our settlement agreement that was due on February 22nd. There is one day remaining to correct this deficiency before we move to default.

Thanks for your attention to this matter.

Best

Cameron

On Thu, 27 Feb 2020 at 11:19, Cameron Lickle <cameron@wilanderonwheels.com> wrote:

> Christi,
>
> I am writing to inform you. You were advised on Feb 11th 2020 of your delinquency in the 10th payment which was due on January 22nd 2020 which you have not yet rectified. I waited an additional seven days to give you opportunity to correct your oversight.
>
> Additionally, you are now late on your 11th payment that was due on February 22nd t2020 that per our settlement agreement is to be corrected within 10 days.. We will be moving to a default should this not be corrected immediately. I have also heard your club has recently invested and opened Paddle courts. Congratulations on such an endeavor.
>
> Cameron
>
> On Tue, 11 Feb 2020 at 09:06, Cameron Lickle <cameron@wilanderonwheels.com> wrote:
>> Christi,
>>
>> Cameron Lickle here. I am writing to advise you that we have not received your tenth payment towards our settlement agreement that was due on the 22nd of January. Per our settlement agreement you have ten days to fix this deficiency or we will move to default.
>>
>> Regards
>>
>> Cameron
>> --
>> 
>> **Wilander on Wheels**
>> 1287 N Ocean Way
>> Palm Beach, FL, 33480
>> 787-438-4263
>> wow@wilanderonwheels.com

*Group Exhibit B*

> --
>
> **Wilander on Wheels**
> 1287 N Ocean Way



Palm Beach, FL, 33480
787-438-4263
wow@wilanderonwheels.com

--



**Wilander on Wheels**
1287 N Ocean Way
Palm Beach, FL, 33480
787-438-4263
wow@wilanderonwheels.com



**Gmail**

Howard Prossnitz <prossnitzlaw@gmail.com>

# Re: March 22
1 message

**Cameron Lickle** <cameron@wilanderonwheels.com>   Mon, Apr 20, 2020 at 9:02 AM
To: Christi Turdo <christi@hoparazzi.com>, Howard Prossnitz <prossnitzlaw@gmail.com>

Christi,

Hope you are staying safe and healthy. Wanted to make you aware that the 11th payment has yet to post. As previously mentioned I was willing to grant you an extension on last months payment (12th payment) but now that we are coming onto this month without hearing from you, you have essentially backed me into a corner. I do hope that you rectify this 11th payment by the end of business today. Please let me know as to which way you decide to act. By not heaaring from you or having $500 deposited by the end of day I will assume you have decided to fully default on our agreement.

I do hope you are staying safe and healthy.

Best

Cameron

On Mon, 23 Mar 2020 at 14:33, Cameron Lickle <cameron@wilanderonwheels.com> wrote:
> Christi,
>
> Cameron here. I hope you are staying well. In light of recent events I am willing to extend you a delay on the payment that is due this month until next month for your 12th payment. Would very much appreciate it though if you made good on your 11th payment which was late well before this crisis occurerd. Hope you stay healthy.
>
> Best
>
> Cameron
>
> --



**Wilander on Wheels**
1287 N Ocean Way
Palm Beach, FL, 33480
787-438-4263
wow@wilanderonwheels.com

--



**Wilander on Wheels**
1287 N Ocean Way
Palm Beach, FL, 33480
787-438-4263
wow@wilanderonwheels.com



Gmail

Howard Prossnitz <prossnitzlaw@gmail.com>

# Re: March 22
1 message

**Cameron Lickle** <cameron@wilanderonwheels.com>  Sun, Jan 17, 2021 at 12:46 PM
To: Christi Turdo <christi@hoparazzi.com>
Cc: Howard Prossnitz <prossnitzlaw@gmail.com>

Christi,

I hope this note finds you well and that everything is going well.

I wanted to reach out to see if you were ready to resume your payment structure that you had gone delinquent on for your 15th payment out of 30 to WOW last February 2020. You have an outstanding amount remaining of $7500. Please let me know if you are to begin this payment again beginning on the 21st of January as set up with the Courts of Illinois. Attached below is a spreadsheet of what is outstanding. If I do not hear from you by the 21st of January or have a payment to the same account you had been using, I will assume that you wish to not to begin repayment and I will turn this back over to Howard Prossnitz our attorney who is cced above.

Again I hope all is well.

Best

Cameron

> On Mon, 20 Apr 2020 at 11:51, Cameron Lickle <cameron@wilanderonwheels.com> wrote:
> Christi,
>
> Are you attempting to be sarcastic?
>
> Once again your lack of communication and prior lack of response forces these issues. Unilateral decisions to not pay an agreed to agreement are not well received. I am more than amenable to work you, per my granting a month reprieve on your 12th payment, but you cannot make decisions on your own that have been ordered by the Court of Chicago without consulting me . I thought I was being generous by giving you a month reprieve and was more than willing to do it again but you failed to even acknowledge such a nice gesture or make good on a payment that was late prior to the Covid-19. I do hope you have gone through the necessary SBA and or PPE loans.
>
> To be clear, I am understanding your position that you are defaulting on our agreement. Your unilateral decision is unacceptable. Please note that you are now in default of your agreement and once the court system begins I will be pursuing a default on your agreement.
>
> Best
>
> Cameron
>
>> On Mon, 20 Apr 2020 at 11:39, Christi Turdo <christi@hoparazzi.com> wrote:
>>
>>> Cameron ...
>>>
>>> Seriously .. are you not aware as to what is going on in the world today?
>>>
>>> We are closed, doors are shut and have been for 5 weeks now going on 6 weeks.
>>>
>>> I will not be paying you your $500 any time soon as we are closed and don't have the funds.
>>>
>>> If you want to move forward with a default on our agreement by all means do so.

Good luck collecting as there is nothing there at this time.

I too hope you are well!

Christi

**Christi Turdo, USPTA**

President

CET Enterprises, LLC

1801 Janke Drive, Northbrook, IL 60062

(800) 931-1561   christi@hoparazzi.com

www.hoparazzi.com



---

**From:** Cameron Lickle <cameron@wilanderonwheels.com>
**Date:** Monday, April 20, 2020 at 9:02 AM
**To:** Christi Turdo <christi@hoparazzi.com>, Howard Prossnitz <prossnitzlaw@gmail.com>
**Subject:** Re: March 22

Christi,

Hope you are staying safe and healthy. Wanted to make you aware that the 11th payment has yet to post. As previously mentioned I was willing to grant you an extension on last months payment (12th payment) but now that we are coming onto this month without hearing from you, you have essentially backed me into a corner. I do hope that you rectify this 11th payment by the end of business today. Please let me know as to which way you decide to act. By not heaaring from you or having $500 deposited by the end of day I will assume you have decided to fully default on our agreement.

I do hope you are staying safe and healthy.

Best

Cameron

On Mon, 23 Mar 2020 at 14:33, Cameron Lickle <cameron@wilanderonwheels.com> wrote:

Christi,

Cameron here. I hope you are staying well. In light of recent events I am willing to extend you a delay on the payment that is due this month until next month for your 12th payment. Would very much appreciate it though if you made good on your 11th payment which was late well before this crisis occurerd. Hope you stay healthy.

Best

Cameron

--



**Wilander on Wheels**
1287 N Ocean Way
Palm Beach, FL, 33480
787-438-4263
wow@wilanderonwheels.com

--

**Wilander on Wheels**
1287 N Ocean Way
Palm Beach, FL, 33480
787-438-4263
wow@wilanderonwheels.com

## **CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASES**

THIS SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASES ("Settlement Agreement") is made by and between WILANDER ON WHEELS L.L.C. (WOW) and CET ENTERPRISES L.L.C. (CET) (collectively the "Parties") as of this 14th day of January 2019..

In consideration of the mutual agreements, covenants, and conditions contained herein, the Parties agree as follows:

1. RESOLUTION OF THE DISPUTE.

WOW filed a lawsuit captioned *Wilander on Wheels, LLC v. CET Enterprises, LLC*, N.D. Ill. No. 18-cv-6776. (the "Lawsuit").

The Parties desire to reach a full and fair resolution of all claims which were brought, or which could have been brought, in the Lawsuit.

2. PAYMENTS.

In consideration for the promises and covenants made herein, CET shall pay to WOW the sum of Eighteen Thousand Five Hundred ($18,500) as follows:

a. Within 30 days of execution of this Agreement, $6,000 by check made payable to the Law Offices of Howard Prossnitz Trust Account, 1014 Ontario Street, Oak Park, IL;

b. Starting on March 1, 2019 and continuing on the first day of every month thereafter, the amount of $500 payable to Wilander on Wheels LLC, c/o Cameron Lickle, WOW, 1287 N. Ocean Way, Palm Beach, FL 33480, for 25 months with the final payment due on March 1, 2021.

Alternatively, payments can made by wire transfer to:

Bank: Wells Fargo
Checking #: 2069543995
Company Name: WOW LLC
SWIFT CODE: WFBIUS6S
ROUTING NUMBER: 121000248
City and State: San Francisco, CA
Physical address: 420 Montgomery St, San Francisco, CA

3. FAILURE TO MAKE PAYMENTS ON TIME.

If CET fails to make the initial payment or any payment thereafter on the first of the month as set forth above, it shall have a ten day grace period to cure such missed payment after email notice is sent to Christi Turdo, christi@hoparazzi.com, with a cc email to Melissa Casey, Esq.,

04576070.1

Exhibit C

Settlement Agreement
Page 2

mpclawgroup@gmail.com, and Howard Prossnitz, Esq., prossnitzlaw@gmail.com. If payment is not received within ten days after notice is sent, then WOW shall be entitled to move to reinstate the Lawsuit and move for a Stipulated Judgment in the amount of $30,000 less any payments received. A copy of this Agreement shall be appended to WOW's motion for Agreed Judgment as evidence of the Agreement and no further proof shall be required for entry of Agreed Judgment other than evidence of amounts received.

4.  DISMISSAL OF LAWSUIT WITHOUT PREJUDICE.

Upon receipt of the first payment of $6,000, WOW shall move to dismiss the Lawsuit without prejudice. Within 30 days of receipt and collection of the final payment, WOW shall move to dismiss the Lawsuit with prejudice. Each party shall bear their own attorneys' fees and costs.

5.  MUTUAL GENERAL RELEASES.

The parties, for and in consideration of the settlement sum above and other good and valuable consideration, do hereby mutually remise, release, acquit, satisfy, forever discharge, and by these presents for their present or former trustees, guardians, administrators, agents, representatives, successors, and assigns, forever release each other, their present and former parents, subsidiaries, affiliates, related entities, employees, officers, directors, agents, representatives, predecessors, heirs, successors, attorneys, and assigns forever of and from any and all manner of action and actions, cause and causes of action, charges, suits, rights, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims, obligations, liabilities, and demands of any kind or nature whatsoever, at law or in equity, which they may have had, ever had, claim to have had, now have, or which their present or former heirs, trustees, executors, administrators, successors, or assigns hereafter can, shall, or may have for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date of this Settlement Agreement. Notwithstanding the foregoing, the parties are obligated to perform their duties under this Settlement Agreement.

6.  NO ADMISSION OF LIABILITY.

The Parties acknowledge that this Settlement Agreement has been executed in connection with the compromise and settlement of disputed claims and that the Settlement Agreement and the actions taken pursuant hereto do not constitute an acknowledgment or admission on the part of any Party of liability for any matter or precedent upon which liability may be assessed. Furthermore, the Parties acknowledge that the execution of this Settlement Agreement should not be construed as an admission by any Party, which has been entered into solely for the purpose of avoiding costly and time-consuming litigation of a disputed claim.

7.  CONFIDENTIALITY.

Settlement Agreement
Page 3

THIS IS A CONFIDENTIAL SETTLEMENT. The parties agree to keep any matters relating to this settlement and the terms of this Settlement Agreement, confidential and agree not to disclose them to any other person, except as may be required in connection with the preparation and filing of income tax returns, to their accountants, or as may be required by the order of a court of competent jurisdiction, or any regulatory or self-regulatory agency, or at any hearing in an action between the parties or any interested party.

8. ACKNOWLEDGMENT OF CONSIDERATION.

Each party to this Settlement Agreement agrees and acknowledges that the consideration received by him/her/it for the execution hereof shall constitute full payment, satisfaction, discharge, compromise, and release of and from all matters for which the other Party has released him/her/it herein.

9. FULL CAPACITY.

The Parties hereto represent that they have the full mental and physical capacity and legal authority to enter into, execute, and perform this Settlement Agreement and to compromise the claims or potential claims referred to herein.

10. BINDING AGREEMENT.

This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their parent companies, subsidiaries, affiliates, and their trustees, heirs, executors, administrators, successors, and assigns.

11. GOVERNING LAW.

This Settlement Agreement is deemed entered into in the State of Illinois and shall be construed and interpreted in accordance with the laws of Illinois.

12. ENTIRE AGREEMENT.

This Settlement Agreement contains the entire agreement between the Parties hereto. The terms of said Settlement Agreement are contractual and may not be modified orally except by a written instrument duly signed by each Party.

13. COUNTERPARTS.

The Settlement Agreement may be signed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

We further confirm and state that we have carefully read the foregoing Settlement Agreement and General Release, know the contents thereof and sign our names as our own free act.

COL-23

Settlement Agreement
Page 4

WITNESS our signatures below.

### **CAUTION: READ ALL TERMS ABOVE BEFORE SIGNING**

WILANDER ON WHEELS LLC

By: _____  23 Jan 2019

CET ENTERPRISES LLC

By: _____

Settlement Agreement
Page 4

WITNESS our signatures below.

### **\*\*CAUTION: READ ALL TERMS ABOVE BEFORE SIGNING\*\***

WILANDER ON WHEELS LLC

By: _____  23 Jan 2019

CET ENTERPRISES LLC

By: _____

WILANDER ON WHEELS LLC

By: _____

CET ENTERPRISES LLC

By: *[signature]*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Wilander on Wheels, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **CET Enterprises, LLC,** <br><br> Defendant. | Case No. 18- cv-06776 <br><br> **JURY TRIAL DEMANDED** <br><br> **Judge Robert Blakey** |

### STIPULATED JUDGMENT

This cause coming before the Court on Plaintiff's Motion moves for entry of a Stipulated Judgment pursuant to paragraph 3 of the Settlement Agreement dated January 14, 2019 between the parties; due notice having been given; and the Court being fully advised in the premises;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Judgment in the amount of Nineteen Thousand Dollars ($19,000.00) is hereby entered in favor of Plaintiff Wilander on Wheels, LLC and against Defendant CET Enterprises, LLC.

2. This is a final judgment and execution may issue forthwith.

3. Interest shall accrue on this Judgment at the rate of 9% per annum.

ENTER:

_____
United States Magistrate Judge

Dated: January _____, 2021

Exhibit D